BLD-063                                                   **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2942
_____

IN RE: Raheem Louis,

Petitioner

_____

On a Petition for Writ of Mandamus from the
District Court of the Virgin Islands
(Related to Crim. No. 11-cr-00023-002)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
January 7, 2021

Before:  AMBRO, SHWARTZ and PORTER, Circuit Judges

(Opinion filed January 13, 2021)
_____

OPINION*
_____

PER CURIAM

Raheem Louis has filed a petition for a writ of mandamus.  For the reasons below,

we will deny the petition.

Louis was convicted of carjacking, robbery, unauthorized use of a vehicle, and

possession of stolen property in the District Court of the Virgin Islands.  In 2013, he was

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

sentenced to 140 months in prison.  We affirmed his conviction and sentence on appeal.

See United States v. Louis, 596 F. App'x 167 (2015).  In July 2018, Louis filed a motion

to vacate his sentence pursuant to 28 U.S.C. § 2255.  Two weeks later, a Magistrate

Judge recommended that the § 2255 motion be dismissed as untimely.  Louis then filed

objections.  The District Court has not yet acted on the § 2255 motion but has acted on

other motions filed by Louis.

In September 2020, Louis filed a "Motion under Federal Question Jurisdiction"

which we construe as a petition for a writ of mandamus.  He noted that he had filed a

§ 2255 motion in July 2018 and that it was still pending.  We infer that Louis seeks an

order directing the District Court to act on his § 2255 motion.

The writ of mandamus will issue only in extraordinary circumstances.  See Sporck

v. Peil, 759 F.2d 312, 314 (3d Cir. 1985).  As a general rule, the manner in which a court

disposes of cases on its docket is within its discretion.  See In re Fine Paper Antitrust

Litig., 685 F.2d 810, 817 (3d Cir. 1982).  Nonetheless, mandamus may be warranted

where a District Court's delay is tantamount to a failure to exercise jurisdiction.  See

Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

Since the filing of his § 2255 motion, Louis has inundated the District Court with

numerous motions, petitions for writs, and notices to the District Court, including four

motions to prove that he was "legally dead."  While we are concerned about the delay in

addressing the § 2255 motion, we are confident that the District Court will decide the

motion within a reasonable time.

For the above reasons, we will deny the petition without prejudice to refiling if no action is taken on the § 2255 motion by the District Court within ninety days.